Harry FERGUSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285S503.

Supreme Court of Indiana.

Dec. 4, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

## CRIMINAL PETITION FOR TRANSFER

### GIVAN, Chief Justice.

On March 16, 1977, appellant was convicted of possession of less than ten grams of heroin, a Class D felony. On March 26, 1982, appellant petitioned for permission to file a belated motion to correct error, which was granted. From a denial of his belated motion, appellant filed his appeal with the Court of Appeals raising two questions:

"I.  Whether the evidence was sufficient to support the conclusion that Ferguson was in constructive possession of heroin?

"II. Whether Ferguson was denied effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution?"

The Court of Appeals reversed on the sufficiency issue and therefore did not address the second allegation of error. We grant transfer and vacate the Court of Appeals' decision reported at 481 N.E.2d 161 (1985).

The facts are: At 8:00, during the evening of November 11, 1976, Detective James Wurz, Sergeant Thomas Casey and other officers of the narcotics branch of the Indianapolis Police Department arrived at 2606 North College Avenue to execute a search warrant. The building at that address is known as the Sutherland Hotel. It consists of a lobby and five single hotel rooms on two floors, which are let at hourly rates. In the rear is a three-room apartment with access through a single doorway to the basement.

Upon arrival at the hotel, Detective Wurz went to the southwest corner of the building where the only entrance to the apartment was located. Sergeant Casey was in a position where he could see into the apartment through a window. Detective Wurz knocked on the door several times and announced that he was a police officer. Sergeant Casey observed a man wearing a maroon long-sleeved shirt and black trousers run past the window into the bathroom, where he remained for three or four seconds before running back past the window and disappearing through a doorway.

Detective Wurz attempted to force open the door but was unable to do so. The officers had to knock a hole in the wall with a sledgehammer in order to remove two two-by-fours barricading the door. Upon entering the apartment, they found the door through which appellant had passed led to a basement. The officers made an extensive search of the basement but found no one. The only door exiting the basement was the one through which they had come. However, there was a cold air duct large enough to allow passage to a human being. On the basement floor they found a tinfoil packet containing heroin. The basement floor was very dusty, but the tinfoil packet had no dust upon it. The inside of the air duct was also covered with dust; however, it was apparent that someone had recently been inside the duct.

Detective Wurz climbed through the air duct into the first floor hotel room. No one was in that room. When he knocked at one of the other doors in the hotel, appellant answered. He was wearing the same type of clothing that had been observed by Sergeant Casey as that being worn by the person running through the apartment. In addition the clothing was covered with the same type of dirt that was found inside the furnace duct.

■ The majority opinion of the Court of Appeals proceeds to weigh this evidence and find it to be inadequate to support the decision of the trial court. In his dissenting opinion, Judge Conover correctly points out that the above-recited evidence is more than sufficient to support the trial court's decision that: upon hearing the knock on the door, appellant did in fact rush to a bathroom, where his conduct was such as to furnish the trial court with evidence that he had disposed of narcotics; he then fled to the basement, where he apparently accidentally dropped the tinfoil packet of heroin; and he exited the basement in an air duct in an attempt to escape the police.

Taking all of this evidence together, the trial court was well within its prerogative of finding appellant guilty of possession of the heroin.

We find the majority opinion of the Court of Appeals incorrectly attempts to weigh the evidence, and in doing so comes to an opposite conclusion of that reached by the trial court. Such was not their prerogative.

■ Since we are affirming the decision of the trial court, it now becomes necessary to address the second question raised by appellant as to the effectiveness of his trial counsel. In making this claim, appellant does not assert his trial counsel committed any single error which would lead to a new trial. He claims counsel committed "several unreasonable omissions which, considered in aggregate, discourage acquittal." These so-called omissions include failing to adduce testimony of certain hotel patrons, failing to question Sergeant Casey on his ability to observe and identify appellant and failing to prove the ownership of the premises was in someone other than appellant.

Appellant makes no statement as to what could logically be expected from an interview of the patrons of the hotel who were watching television in the lobby on the night of his arrest. There is no showing or even speculation that these people would have testified favorably for appellant.

The fact that counsel failed to thoroughly cross-examine Sergeant Casey could in fact be interpreted to be a proper tactic in view of the great probability that such a cross-examination would have done nothing more than to reiterate damaging testimony.

In view of the facts in this case, it would appear the ownership of the hotel had virtually nothing to do with the situation. There is nothing in this record which would indicate that appellant's trial counsel was incompetent in any respect when tested by the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellee's Petition for Transfer is granted and the Court of Appeals' opinion is hereby vacated. The trial court is in all things affirmed.

PRENTICE, PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.